IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00483–WYD–KMT

CHRISTIAN AUBIN ROBINSON,

      Plaintiff,

v.

OFFICER KEITA, and
THE CITY AND COUNTY OF DENVER, COLORADO,

      Defendants.

---

## ORDER

---

      This matter is before the court on Plaintiff's "Motion for Leave to Amend the Complaint." (Doc. No. 24, filed November 13, 2012 [Mot.].)  Defendants filed their response on December 7, 2012 (Doc. No. 29 [Resp.]), and Plaintiff filed his reply on January 11, 2013 (Doc. No. 39 [Reply]).  The motion is ripe for ruling.

      In his Motion to Amend, Plaintiff seeks to add three new defendants, Defendant Deputy Sheriffs Joseph Armijo, Jessica Jaquez, and Jason Cruz (collectively "the Deputies").  (Mot. at 1.)

**LEGAL STANDARD**

Because Plaintiff filed his motion well after the deadline for amending the pleadings[1], the court employs a two-step analysis[2], first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).  This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

---

[1]This court set the deadline for joinder of parties and amendment to pleadings at July 25, 2012.  (Doc. No. 17.)

[2] It is the practice in this District to utilize this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement."  *Strope v. Collins,* 315 F. App'x 57, 62 n. 4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings,* 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

2

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings.  Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

## ANALYSIS

### 1.    *Good Cause Pursuant to Rule 16(b)(4)*

Neither party addresses the timeliness of Plaintiff's motion in relation to Rule 16.  In any event, the court finds that Plaintiff has demonstrated good cause consistent with Fed. R. Civ. P. 16(b)(4).  Plaintiff asserts he did not learn of the facts giving rise to his proposed amendments during the discovery process.  (Mot., ¶ 6.)  Specifically, Plaintiff asserts "most of the complex set of facts and information regarding the new Defendants were recently obtained with in the last 30-45 days."  (*Id.*, ¶ 7.)  "The fact that a party first learns, through discovery or disclosures,

information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668-69 (D. Colo. 2001).  Accordingly, the court finds that Plaintiff has established good cause to modify the Scheduling Order.

**2.      *Futility***

Defendant argues that Plaintiff's Motion to Amend should be denied because the amendments are futile.  (*See* Resp. at 11.)  Specifically, Defendants argue the proposed new defendants are entitled to qualified immunity.  (*Id.* at 2–11.)

An amendment is futile only if it would not survive a motion to dismiss.  *See Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether Plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).

The futility question is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" under Fed. R. Civ. P. 12(b)(6).  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  The court notes that here, Plaintiff and the defendants have attached documents to their briefing that the court would not be able to consider on a motion to dismiss.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his

4

complaint." *Murray*, 156 F.R.D. at 238.  Considering the parties' briefing on the motion to amend, and resolving any ambiguity in favor of Plaintiff, this court finds that at this stage of the proceedings it is not clear that Plaintiff's proposed amendments would be futile.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Finally, prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend.  *Minter*, 451 F.3d at 1207.  Defendants do not argue, and likely could not argue, that they will be unduly prejudiced by Plaintiff's proposed amendments.  *See Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)) ("Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' ")  Thus, the court will defer the question of whether Plaintiff's proposed claims sufficiently state a claim for relief until if and when Defendants file a motion to dismiss on those grounds.  *Stender v. Cardwell*, 07–cv–02503–WJM–MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011).

Accordingly, it is

ORDERED that Plaintiff's "Motion for Leave to Amend the Complaint" (Doc. No. 24) is GRANTED.  The Clerk is directed to file the "Amended Complaint" attached to Plaintiff's Motion (Doc. No. 24-1).

Dated this 29th day of January, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge