IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00483-WYD-KMT

CHRISTIAN AUBIN ROBINSON,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,

     Defendant.

---

## ORDER

---

THIS MATTER is before the Court on "Defendant's Motion to Certify for Immediate Interlocutory Appeal Court Order [Doc. 106], Under 28 U.S.C. § 1292(b)" filed April 17, 2014.  A response was filed on April 21, 2014, and a reply was filed on May 2, 2014.  For the reasons stated below, Defendant's motion is denied.

I note that this is Defendant's second motion to certify under 28 U.S.C. § 1292(b).  The first motion sought reconsideration of or certification to the Tenth Circuit of a portion of my Order on Summary Judgment issued on February 20, 2014.  The current motion seeks certification to the Tenth Circuit of my Order of April 10, 2014, which denied Defendant's Motion for Partial Reconsideration of Order [Doc. 92] or in the Alternative to Certify for Immediate Interlocutory Appeal under 28 U.S.C. § 1292(b).

Defendant argues in its current motion to certify that as a matter of law this civil action should not proceed to trial against the City because no constitutional violation occurred in the case.  It also argues that there was no lack of particularity in the warrant

description, and that the Court's reliance on *West v. Caball*, 153 U.S. 78 (1894) and

*Powe v. City of Chicago*, 664 F.2d 639 (7th Cir. 1981) to find a constitutional violation in

connection with particularity is misplaced.   Defendant argues that the controlling

precedent in this case is the Supreme Court's decision in *Baker v. McCollan*, 443 U.S.

137 (1979).   It is also asserts that based on the Court's Order, § 1983 liability could be

found in every arrest warrant in which the person actually guilty of the original crime

was not described with particularity.   In other words, every description of the "wrong

person" would create an invalid and unconstitutional arrest warrant.

Turning to my analysis, the statute for certification provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves
> a controlling question of law as to which there is substantial ground for
> difference of opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation, he shall so state
> in writing in such order. . . .

28 U.S.C. § 1292(b).   The statute imposes four criteria to be met before an issue may

certified for appeal: (1) the action must be a "civil action," (2) the court must conclude

that the order from which the appeal is to be taken involves a "controlling question of

law;" (3) upon which there exists "substantial ground for difference of opinion," and (4)

the court must believe that "immediate appeal from the order may materially advance

the ultimate termination of the litigation." *In re Grand Jury Proceedings June 1991*, 767

F. Supp. 222, 223 (D. Colo. 1991).

I find that while the first two requirements are met, I do not find that a substantial

ground for difference of opinion exists.   Contrary to Defendant's arguments, I found in

the Order of April 10, 2014, that a constitutional violation did occur, and revised and amended the summary judgment order on that issue.  Thus, I found that the warrant was invalid because it violated the Fourth Amendment's particularity requirement.  I relied primarily on the Seventh Circuit's decision in *Powe* in reaching this decision.  I note that *Powe* was specifically cited by the Tenth Circuit for the proposition that "[s]ubsequent cases have found the holding in *Baker* inapposite when the arrest warrant was invalid."  *McKay v. Hammock*, 730 F.2d 1367, 1371 (10th Cir. 1984).  This further supports my finding that *Baker* is not applicable in this case, and indicates that the Tenth Circuit may follow the *Powe* decision as well as the Supreme Court's decision in *West* in situations like this where the warrant not only names the wrong person but fails to include any identifying information or description of the person to be arrested.  Accordingly, I find that the third requirement for certification is not satisfied.

In so finding, I reject Defendant's argument that my ruling in the April 10, 2014 Order would mean that every description of the "wrong person" would create an invalid and unconstitutional arrest warrant.  The ruling does not apply to all situations where the warrant names the wrong person.  Instead, in this case the authorities clearly knew who the correct person was to be named in the warrant and had identifying information for him but failed to include this (or deleted this information in connection with the SID number) from the warrant.  Thus, as noted in my Order:

> The state court records are clear that Cagle was the defendant who failed to appear at court appearances and for whom the warrant should have been issued, even though he was noted to have an alias of "Christian A. Robinson." (*See, e.g.*, Mot. Summ. J., Exs. F, G; Resp. Mot. Summ. J., Ex. 4.)  Cagle's SID number was in the warrant, but the warrant was issued in

> Robinson's name and with Robinson's identifying information. While state
> court officials may have reasonably believed that "Christian Robinson" was
> an a/k/a for Cagle, they did not include Cagle's address, physical
> characteristics, or other identifying information.  As in *Powe*, this situation
> was avoidable as "the authorities clearly had had sufficient contact with
> [Cagle] to be able to describe him in the warrant."  *Powe*, 664 F.2d at 648.

(Order of April 10, 2014, at 10, ECF No. 106).  Thus, my ruling is limited to the particular facts of this case.

Finally, I do not believe an immediate appeal from the April 10 Order may materially advance the ultimate termination of the litigation in this case.  Indeed, certification to permit an interlocutory appeal would only serve to prejudice Plaintiff, who has already waited over two years for his day in court.

Based on the foregoing, it is

ORDERED that Defendant's Motion to Certify for Immediate Interlocutory Appeal Court Order [Doc. 106], Under 28 U.S.C. § 1292(b) filed April 17, 2014 (ECF No. 107) is **DENIED**.  It is

FURTHER ORDERED that **on or after June 5, 2014**, counsel for the parties shall jointly contact my Chambers at (303) 844-2170 to reset the trial in this matter.

Dated:  May 29, 2014

BY THE COURT:

s/ Wiley Y. Daniel_____
Wiley Y. Daniel
Senior United States District Judge